1
2
3
4
5            IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7

8    WILLIAM B. WESTWOOD,                 Case No.  22-cv-03374-CRB
9              Plaintiff,
                                          ORDER GRANTING MOTION TO
10        v.                              DISMISS COUNTERCLAIMS AND
                                          GRANTING IN PART AND
11   ARMIN BROTT,                         DENYING IN PART MOTION TO
                                          STRIKE
12             Defendant.

13          Medical illustrator William B. Westwood ("Westwood") brings this action for

14   copyright infringement against Armin Brott ("Brott"), the editor-in-chief of the blog

15   "Talking About Men's Health," for publishing one of Westwood's illustrations on the

16   blog.  See Compl. (dkt. 1).  In his answer, Brott brought four counterclaims and pleaded

17   nine affirmative defenses.  Westwood brought a motion to dismiss three of Brott's

18   counterclaims and a motion to strike all but one of Brott's affirmative defenses.  See Mot.

19   (14-1).

20          Finding these matters suitable for disposition without oral argument, see Civil Local

21   Rule 7–1(b), the Court grants Westwood's motion to dismiss Brott's counterclaims and

22   grants in part and denies in part his motion to strike Brott's affirmative defenses.

23   I.     BACKGROUND

24          Westwood alleges that he has been a "well-known and highly respected

25   professional medical illustrator" for over 38 years.  Compl. ¶ 7.  He registered one of his

26   illustrations (the "Subject Image") with the United States Copyright Office in 2012.  Id. ¶

27   16.  He alleges that the Subject Image appeared on the blog "Talking About Men's

28   Health," which is edited by Brott.  Id. ¶ 19.  Westwood alleges that Brott and others have

United States District Court
Northern District of California

published the Subject Image without Westwood's "license, authorization or consent," and "profited" from that publication. Compl. ¶¶ 26–35. In August 2021, Westwood's counsel sent a cease-and-desist letter to Brott, attaching the only known use of the Subject Image on the blog, a post titled "Ask About the Curve – Living With a Curved Erection; Peyronie's Disease." Compl. ¶ 36; id. Ex. 3. In June 2022, Westwood filed this action against Brott and Does 1–25, who he claims are additionally responsible for the copyright infringement alleged. Id. ¶ 3.

In September 2022, Brott answered the complaint. Brott admitted that he is the Editor-in-Chief of the "Talking About Men's Health" blog and has been since before 2013. See Answer (dkt. 10) at 11 ¶ 6. He alleges that the "Ask About the Curve" article was posted to the blog "[i]n or about October 2013," and alleges that it was publicly available on the blog until August 2021, when it was removed at Westwood's counsel's request. Id. at 12 ¶ 10; 14 ¶ 22. In his answer, Brott brought four counterclaims and nine affirmative defenses, denying any allegation that Brott "create[d], upload[ed] or post[ed]" the article in question, obtained the Subject Image for the blog, or instructed another person to do so. See, e.g., id. at 3 ¶ 12. Instead, Brott alleges that the blog post, including the illustration, was "provided by one or more trusted third parties." Id. at 12 ¶ 12. Brott also alleges that, upon receiving the cease-and-desist letter described in the complaint, Brott "immediately complied" with the request to remove the "Ask About the Curve" article, and the Subject Image, from the blog. Id. at 7 ¶ 37; id. at 12 ¶ 15. In February 2022, Brott alleges that Westwood's counsel provided him a copy of the Certificate of Registration of copyright of the Subject Image, which lists a medical journal, American Family Physician ("AAFP"), as the publication of the Subject Image. Id. at 13 ¶ 16. Brott attaches to his answer an article from AAFP in August 1999 containing the Subject Image. Id. Ex. A. A copyright disclaimer at the bottom of the article states:

> "This content is owned by the AAFP. A person viewing it online may make one printout of the material and may use that printout for his or her personal, non-commercial reference. This material may not otherwise be downloaded, copied, printed, stored, transmitted or reproduced in any medium, whether now known

United States District Court
Northern District of California

1    or later invented, except as authorized in writing by the AAFP."

2    Id.

3    Brott's nine defenses include: (1) failure to state a claim; (2) non-infringement; (3)

4    statute of limitations; (4) express or implied license; (5) lack of standing; (6) failure to add

5    an indispensable party; (7) laches; (8) fair use; and (9) innocent infringement.  Id. at 9–10.

6    His four counterclaims include: (1) non-infringement; (2) statute of limitations; (3)

7    innocent infringement; and (4) implied license.  Id. at 14–18.

8    **II.    LEGAL STANDARD**

9    **A.    Motion to Dismiss[1]**

10    Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim for relief may be

11    dismissed for failure to state a claim upon which relief may be granted.  Dismissal may be

12    based on either "the lack of a cognizable legal theory or the absence of sufficient facts

13    alleged under a cognizable legal theory."  Godecke v. Kinetic Concepts, Inc., 937 F.3d

14    1201, 1208 (9th Cir. 2019).  A pleading must allege "enough facts to state a claim to relief

15    that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (citing Bell

16    Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when [a

17    party] pleads factual content that allows the court to draw the reasonable inference that the

18    [adverse party] is liable for the misconduct alleged."  Id.  When evaluating a motion to

19    dismiss, the Court "must presume all factual allegations of the [claim for relief] to be true

20    and draw all reasonable inferences in favor of the nonmoving party."  Usher v. City of Los

21    Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

22    If a court grants a motion to dismiss for failure to state a claim, it should "freely

23    give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court

24    _____

25    [1] As an initial matter, it is unclear whether Westwood seeks to strike Brott's counterclaims under
Rule 12(f) or dismiss them under Rule 12(b)(6). See Notice of Mot. (dkt. 14) at 2 ("Plaintiff

26    moves to strike [counterclaims] 2, 3, and 4 on the grounds that they fail to state a claim for which
relief may be granted . . . ."). Because a motion to strike is an improper tool to seek dismissal of a

27    counterclaim, the Court construes Westwood's motion as a motion to dismiss Brott's
counterclaims and a motion to strike Brott's defenses. See Federal Practice & Procedure § 1380;

28    Rowe v. Hornblower Fleet, 11-cv-4979, 2012 WL 5833541, at *6 (N.D. Cal. Nov. 16, 2012).

1  nevertheless has discretion to deny leave to amend due to "undue delay, bad faith or

2  dilatory motive on the part of the movant, repeated failure to cure deficiencies by

3  amendments previously allowed, undue prejudice to the opposing party by virtue of

4  allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG

5  Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182

6  (1962)).

7          **B.    Motion to Strike**

8          Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an

9  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A

10  defense may be insufficient as a matter of pleading or a matter of law.  Security People,

11  Inc. v. Classic Woodworking, LLC, 04-cv-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar.

12  4, 2005).  The Ninth Circuit has long held that "[t]he key to determining the sufficiency of

13  pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."

14  Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).  However, the Ninth

15  Circuit has not directly addressed whether the heightened pleading standard laid out in

16  Twombly and Iqbal applies to affirmative defenses.  In Ramirez v. Ghilotti Bros. Inc., this

17  Court considered the question and held that "affirmative defenses must contain sufficient

18  factual matter to state a defense that is 'plausible on its face.'"  941 F. Supp. 2d 1197, 1204

19  (N.D. Cal. 2013).  For the reasons given in that opinion, the Court applies that heightened

20  pleading standard to Brott's affirmative defenses in this case.  Id.

21          A court may also strike matter in an answer that is immaterial or impertinent.  Fed.

22  R. Civ. P. 12(f).  Immaterial matter is "that which has no essential or important

23  relationship to the claim for relief or the defenses being pleaded."  Fantasy, Inc. v. Fogerty,

24  984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted), rev'd

25  on other grounds, 510 U.S. 517 (1994).  Impertinent matter does not pertain, and is not

26  necessary, to the issues in question.  Id.

27          Where a court strikes an affirmative defense, leave to amend should be freely given

28  so long as there is no prejudice to the moving party.  Wyshak, 607 F.2d at 826 (citing

1    <u>Foman</u>, 371 U.S. at 182).

2    ## III.  DISCUSSION

3         The Court first addresses Westwood's motion to dismiss three of Brott's four

4    counterclaims: (1) statute of limitations; (2) innocent infringement; and (3) implied

5    license.[2]  The Court then addresses Westwood's motion to strike eight of Brott's asserted

6    defenses: (1) failure to state a claim; (2) non-infringement; (3) express or implied license;

7    (4) lack of standing; (5) failure to add an indispensable party;[3] (6) laches; (7) fair use; and

8    (8) innocent infringement.[4]

9              ### A.    Motion to Dismiss Counterclaims

10        Westwood argues that Brott's counterclaims must be dismissed for three reasons:

11   (1) "they are redundant of the affirmative defenses pleaded;" (2) "they are not viable as

12   affirmative defenses as pleaded;" and (3) the counterclaim for implied license fails to

13   allege privity between the copyright owner and accused infringer.  Mot. at 2.[5]

14        The Court agrees that these counterclaims are redundant of Brott's affirmative

15   defenses as pleaded and grants Westwood's motion to dismiss Brott's counterclaims with

16   leave to amend.

17              ### 1.    Statute of Limitations

18        Westwood's argument for dismissal of Brott's counterclaim for statute of

19   limitations is thin.  Unlike the other counterclaims, where Westwood also argues that their

20   affirmative defense counterparts should be dismissed because "they are not viable as

21   affirmative defenses as pleaded," Westwood does not move to strike Brott's statute of

22

23   ───────────────
     [2] Westwood does not move to dismiss Brott's first counterclaim for non-infringement.  Mot. at 1.
     [3] It is unclear whether Westwood intends to move to strike the defense of failure to join an
24   indispensable party.  <u>Compare</u> Mot. at 6–7 <u>with</u> Mot. at 11.  Because Westwood makes a
     substantive argument that that defense should be stricken, the Court addresses that argument in
25   this order.
     [4] Westwood does not move to strike Brott's statute of limitations defense.
26   [5] Brott argues that Westwood has failed to argue that Brott's counterclaims should be dismissed
     because he "provides no support, factual or legal," for that proposition.  Opp'n (dkt. 18) at 3.
27   While confusingly drafted, Westwood argues that Brott's counterclaims must be dismissed
     because they are and, in the alternative, they must be dismissed for the same reasons as the
28   defenses.  Mot. at 2 ("[T]hey are not viable as affirmative defenses as pleaded . . . .").  These
     arguments are presented in the motion and may be addressed in this order.

United States District Court
Northern District of California

limitations defense.  Mot. at 2.  He thus does not give any substantive reason for dismissing the statute of limitations counterclaim, other than the fact that it is "redundant of the affirmative defense[] pleaded."  Id.

A court has discretion to dismiss a counterclaim if it is duplicative of a denial of liability or an affirmative defense.  See Malibu Media, LLC v. Doe, 15-cv-4441, 2016 WL 3383758, at *2 (N.D. Cal. June 20, 2016).  However, it need not do so just because they "concern the same subject matter or arise from the same transaction as the complaint." Castaline v. Aaron Mueller Arts, 09-cv-02543, 2010 WL 583944, at *2 (N.D. Cal. Feb. 16, 2010) (quoting Stickrath v. Globalstar, Inc., 07-cv-1941, 2008 WL 2050990, at *2 (N.D. Cal. May 13, 2008)).  Courts instead assess whether "the counterclaims 'serve any useful purpose.'"  Id. (quoting Stickrath, 2008 WL 2050990, at *2).

The Court does not find that Brott's statute of limitations counterclaim serves a useful purpose as pleaded.  First, statute of limitations counterclaims in the copyright infringement context seem to be rare; neither party has submitted a case where such a counterclaim has been brought and tested on a motion to strike, and the Court finds only one.  See Pearson Education, Inc. v. Hotfile Corp., 14-cv-20200, 2015 WL 11216708 (S.D. Fla. Jan. 27, 2015).  This is for good reason: Were Westwood's claims and Brott's affirmative defenses litigated, they would "decide the factual and substantive issues presented by" this counterclaim.  Pearson, 2015 WL 11216708, at *3.  Should Westwood decide to dismiss his claim, a counterclaim for statute of limitations would not present an actual controversy, id., and in any case, Brott's counterclaim for non-infringement would remain to allow the parties to adjudicate any issues regarding attorneys' fees.  Malibu Media, LLC, 2016 WL 3383758, at *2; see also 17 U.S.C. § 505.  Even in such a scenario, a statute of limitations counterclaim would serve no useful purpose.  Brott's second counterclaim is dismissed.

### 2.    Innocent Infringement

Westwood argues both that (1) Brott's counterclaim for innocent infringement is "redundant of the affirmative defense[] pleaded;" and (2) that it is not a "viable" claim.

Mot. at 2, 5; Reply (dkt. 19) at 3.

Like the statute of limitations counterclaim, the innocent infringement counterclaim, standing alone, also serves no useful purpose. Whether copyright infringement was committed "willfully" is a question of damages, not liability. See 17 U.S.C. § 504(c)(2). Indeed, the applicability of this counterclaim relies on a prior finding of copyright infringement. See Answer at 16 ¶ 46 ("Brott therefore requests a declaration and finding that to the extent infringement is found, it was innocent."). Thus, should Westwood's claim for copyright infringement be dismissed, a remaining counterclaim of innocent infringement—essentially a defense to an increased statutory damages award for a claim that was never proven—would be superfluous. Thus, Brott's third counterclaim is dismissed.[6]

### 3.    Implied License

Finally, Westwood argues both that (1) Brott's counterclaim for implied license is (1) "redundant of the affirmative defense[] pleaded," and (2) that it is not a "viable" claim, including because it fails to allege privity between the copyright owner and the accused infringer. Mot. at 2.

Like both counterclaims considered before it, the implied license counterclaim alone serves no useful purpose. Like the statute of limitations counterclaim, it is a defense to non-infringement, and is only viable in this case as a defense to Westwood's copyright infringement claim. See Answer at 16 ¶ 52. Should Westwood dismiss his claim, a counterclaim for implied license would not present an actual controversy. Cf. Pearson, 2015 WL 11216708, at *3. Thus, Brott's fourth counterclaim is dismissed.[7]

Westwood's motion to dismiss Brott's statute of limitations, innocent infringement, and implied license counterclaims is granted. The Court grants Brott leave to amend his

---

[6] Because the Court need not decide the viability of Brott's affirmative defense of innocent infringement to resolve this issue, the Court decides that issue further in this order as it addresses Westwood's motion to strike. See infra Section B.2.e.

[7] Because the Court need not assess the viability of Brott's affirmative defense of "implied or express license," nor whether Brott must plead privity, to decide this issue, the Court decides those issues further in this order as it addresses Westwood's motion to strike. See infra Section B.2.a.

1    answer to plead or replead any counterclaims that serve a useful purpose to this litigation.

2    See J & J Sports Prods. v. Coyne, 10-cv-4206, 2011 WL 227670, at *1 (N.D. Cal. Jan. 24,

3    2011).

### B.    Motion to Strike Affirmative Defenses

5    Westwood argues that the following defenses should be stricken as "redundant,

6    immaterial, impertinent, or scandalous matter": (1) failure to state a claim upon which

7    relief can be granted, Answer ¶ 50; (2) non-infringement, id. ¶ 51; (3) express or implied

8    license, id. ¶ 53; (4) lack of standing, id. ¶ 54; (5) failure to join an indispensable party, id.

9    ¶ 55; (6) laches, id. ¶ 56; (7) fair use, id. ¶ 57; and (8) innocent infringement, id. ¶ 58.

10    The Court first considers whether Brott's three non-affirmative defenses (failure to

11    state a claim, non-infringement, and lack of standing) should be stricken. It then considers

12    whether Brott's five affirmative defenses (express or implied license, failure to join an

13    indispensable party, laches, fair use, and innocent infringement) should also be stricken.

### 1.    "General" Defenses

15    Westwood argues that a number of Brott's defenses are not affirmative defenses and

16    should thus be stricken.[8] Brott argues that these defenses are not labelled "affirmative"

17    defenses at all, and that four them are in fact "general" defenses, and thus Westwood's

18    argument fails. Opp'n (dkt. 18) at 5. This includes (1) failure to state a claim; (2) non-

19    infringement, and (3) lack of standing.[9] Id. But that is precisely why defenses like these

20    are properly stricken: They are immaterial when included in a pleading, because they are

---

[8] Westwood seems to argue that four of Brott's defenses are not affirmative defenses: (1) failure to
state a claim; (2) non-infringement; (3) lack of standing; and (4) innocent infringement. The Court
agrees as to all but one: Courts regularly address innocent infringement as an affirmative defense
to statutory damages under 17 U.S.C. 504(c)(2). See id. ("In a case where the infringer sustains
the burden of proving, and the court finds, that such infringer was not aware and had no reason to
believe that his or her acts constituted an infringement of copyright . . ."); see also, e.g., Fathers &
Daughters Nevada, LLC v. Moaliitele, No. 3:16-CV-926-SI, 2016 WL 7638187, at *3–4 (D. Or.
Dec. 19, 2016) (addressing innocent infringement as an affirmative defense to damages for
copyright infringement). Thus, the Court addresses Brott's innocent infringement affirmative
defense in the next section. See infra Section B.2.e.
[9] Brott also argues that his "express or implied license" defense is not an affirmative defense.
Opp'n at 5. The Court does not agree. See Fed. R. Civ. P. 8(c)(1) (listing "license" as an
affirmative defense); see also, e.g., Oracle USA, Inc. v. Rimini St., Inc., 6 F. Supp. 3d 1086, 1093,
1105 (D. Nev. 2014) (addressing both express and implied license as affirmative defenses).

United States District Court
Northern District of California

United States District Court
Northern District of California

Westwood's burden to prove at trial, not Brott's.  See, e.g., Hernandez v. Dutch Goose, Inc., No. C 13-03537 LB, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013) (striking failure to state a claim and lack of standing because they are not affirmative defenses); Roland Corp. v. Inmusicbrands, Inc., No. 216CV06256CBMAJWX, 2017 WL 513924, at *2 (C.D. Cal. Jan. 26, 2017) (striking defense of non-infringement because it is not an affirmative defense).  Brott is free to assert these defenses in a future motion or at trial. See, e.g., Dutch Goose, 2013 WL 5781476, at *7.[10]

These three defenses (failure to state a claim, non-infringement, and lack of standing) are thus stricken.

### 2.     Affirmative Defenses

Westwood challenges an additional five affirmative defenses: (1) express or implied license; (2) failure to join an indispensable party; (3) laches; (4) fair use; and (5) innocent infringement.

### a.     License

Westwood argues that Brott has failed to plead that his use was subject to an express or implied license, because he has failed to allege privity between the copyright owner and the infringer.  Mot. at 2.  Brott's allegations of license rely on a copyright disclaimer at the bottom of the AAFP article displaying the Subject Image, which states that "[a] person viewing it online may make one printout of the material and may use that printout only for his or her personal, non-commercial reference."  Answer Ex. 1.  To the extent that Brott pleads an express or implied license to use the Subject Image on his blog based on the language in the AAFP disclaimer, that defense is implausible; on the face of Brott's pleading, the blog post cannot be said to be a "printout" for "personal, non-commercial reference."  Id.; see also id. at 17 ¶ 52 ("[T]he asserted illustration was

_____

[10] Brott argues that he is "required to state" these non-affirmative defenses in his answer, citing Federal Rule of Civil Procedure 12(b): "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). But these defenses are properly asserted in a responsive pleading via denials of the plaintiff's allegations, which Brott has done.  Brott's belt-and-suspenders approach is therefore unnecessary.

1

available online through one or more parties who had the apparent authority to permit use

2

of the illustration for an informational article regarding Peyronie's disease."). To the

3

extent that Brott pleads that such a license was provided by Westwood or AAFP to Brott or

4

his "trusted source" through means other than the disclaimer, Brott pleads no facts that

5

render such a license plausible. Thus, Westwood's motion to strike Brott's license defense

6

is granted.

### b.      Failure to Join an Indispensable Party

7

8

Westwood argues that Brott has "fail[ed] to allege the purportedly indispensable

9

party" subject to this defense, and so it must be stricken. But Brott has alleged at least one

10

party that may be determined to be indispensable: AAFP, where Brott alleges the work

11

was published, and is listed as the "larger work" in Westwood's certificate of registration

12

of the copyright. Answer at 13 ¶¶ 16–19; Compl. Ex. 2. Brott alleges that the copyright

13

disclaimer at the bottom of the larger work, which indicates that the material may not be

14

reproduced "except as authorized in writing by the AAFP," lends support to Brott's

15

allegation that some sort of licensing agreement exists between Westwood and AAFP with

16

respect to the Subject Image. Answer Ex. 1. This factual allegation suffices to plausibly

17

plead that Westwood has failed to join an indispensable party at this stage in the litigation.

18

As a result, the Court denies Westwood's motion to strike this affirmative defense.

### c.      Laches

19

20

Westwood argues that Brott has failed to plead laches because he has not alleged

21

any facts going to prejudice, a required element of a laches defense. Mot. at 7 n.3 (citing

22

Grand Canyon Trust v. Tucson Elec. Power Co., 391 F.3d 979, 988 (9th Cir. 2004)). Brott

23

argues that he has pleaded the defense because (1) he has pleaded Westwood's failure to

24

bring this action in a timely manner, and (2) he "now faces discovery that presumptively

25

covers events over the past 9 years." Opp'n at 8–10. But though Brott has explained the

26

prejudice to him in his opposition, he has failed to plead it in his answer. See id. at 10.

27

Brott's laches defense must therefore be stricken. See, e.g., 578539 B.C., Ltd. v. Kortz, 14-

28

cv-4375, 2014 WL 12572679, at *10 (C.D. Cal. Oct. 16, 2014) (striking affirmative

United States District Court
Northern District of California

United States District Court
Northern District of California

1    defense where a factual basis is offered in the opposition but not in the pleading itself).

2               **d.    Fair Use**

3            Westwood argues that Brott has failed to plausibly plead a fair use defense because

4    the blog appears to Westwood to be a for-profit enterprise, incompatible with the first fair-

5    use factor, which asks whether the infringing use "is for nonprofit educational purposes."

6    Mot. at 8–10 (quoting 17 U.S.C. § 107).  Whether the "Talking About Men's Health" blog

7    is a predominantly for-profit or non-profit enterprise, and whether the article in question is

8    "an informational article designed to educate others," or a commercial endeavor, Answer

9    at 10 ¶ 57, are precisely the sorts of factual issues best left for summary judgment.

10   Westwood's motion to strike Brott's fair use defense is denied.

11              **e.    Innocent Infringement**

12           Westwood argues that innocent infringement is not an affirmative defense, and thus

13   it must be stricken from Brott's answer.  Mot. at 5.  The Court does not agree.  <u>See</u> <u>supra</u>

14   note 8.  In his reply, Westwood further argues that, even if innocent infringement is an

15   affirmative defense, the defendant must show that he was "not aware and had no reason to

16   believe that his . . . acts constituted an infringement of copyright," and because he

17   "accessed works that had copyright notices," he could not plead innocent infringement.

18   Reply at 3 (quoting 17 U.S.C. § 504(c)(2)).  Ordinarily, arguments raised for the first time

19   in a reply brief are waived.  <u>See, e.g.</u>, <u>Wildridge v. Marshall</u>, 09-cv-2236, 2014 WL

20   1217974, at *3 n.4 (N.D. Cal. Mar. 21, 2014) (citing <u>Cedano-Viera v. Ashcroft</u>, 324 F.3d

21   1062, 1066 n.5 (9th Cir. 2003)).  But even if the Court were to consider Westwood's

22   argument, it fails at this juncture: Brott has pleaded that he did not himself write the article

23   nor supply the illustration, and in fact relied on a "trusted source," to do so.  Answer at 16

24   ¶ 43–45.  Whether this establishes whether any infringement (Brott's or otherwise) is

25   innocent is a factual question inappropriate to resolve on a motion to strike.  The Court

26   thus denies Westwood's motion to strike Brott's innocent infringement defense.

27           In sum, the Court grants Westwood's motion to strike Brott's license and laches

28   defenses and denies Westwood's motion to strike Brott's other affirmative defenses.  Brott

may amend his answer to plausibly plead the defenses stricken in this order.

## IV.     CONCLUSION

For the foregoing reasons, the Court grants Westwood's motion to dismiss Brott's counterclaims and grants in part and denies in part his motion to strike Brott's affirmative defenses.  Brott may file an amended answer within 21 days of this order.

**IT IS SO ORDERED.**

Dated: December 5, 2022



CHARLES R. BREYER
United States District Judge